# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

Pretrial Application for Writ of Habeas Corpus Art. 2254

Applicant: Patricio Estrada CID# P00095638
Currently Confined in The Fort Bend County Jail

United States Courts
Southern District of Texas
FILED
SEP 12 2019
David J. Bradley, Clerk of Court

In the Fort Bend County District Court 268th
Cause No: 17-DCR-77572
Trial Judge Oneal Williams

I am Currently represented By: Ralph Gonzales

Trial is set for Nov. 5, 2019
for the Offense of: Non-Compliance to Sex Offender Registration

I filed a Writ of Habeas Corpus that was dismissed on July 23, 2018
I Appealed this decision, which The Appeal's Court denied March 28, 2019

Respondants:
Fort Bend County Sheriff's Office
  Sheriff Troy Nehls
    Fort Bend County District Attorney's Office
    Texas Dept. Crim. Justice, Correctional Institution Division
    Fort Bend County District Judge Oneal Williams
      of District Court 268th
    Harris County District Court 179 (and Presiding Judge)
    Harris County District Attorney

## Ground One: Violation of The Fifth Amendment (Double Jeopardy)

1) On Apr. 17, 2014, I was placed on probation for aggravated Sexual Assault, and on Jan. 19, 2016, I started a 90 day drug program at SATF-Peden at 600 San Jacinto, Houston, Tx. 77002; but on or around March 22, 2016 I walked out of the program, after recieving several threat's because of my Sexual Offense.

2) On March 30, 2016 I was arrested for absconding from the facility. On Aug. 29, 2016 I was found guilty in Harris County District Court 179th, (The only evidence was leaving a facility and asuming I did not return to my last known address) my probation was revoked, and I am doing 12 years, confinement. (That cause #1404467, and after all State Appeals was denied I have resently filed a Habeas Corpus, with new evidence challenging Harris Counties right to place me on probation for a Offense I was acused to have ocurred at my house, which I lived in Brazoria County.)

3) On Apr. 24, 2017, Fort Bend County filed an indictment for failure to comply with sex offender Registration, (in open Court, The State said it's evidence is "On or around Apr. 4, 2016 I left a rehab and never returned to my last known address", and claims these are two different offenses and was not apart of the same act.) The State went on to State, I was charged with Aggravated Sexual Assault, at the habeas court hearing on July 23, 2018

4) The State was only partially correct; although I was charged with Agg. Sexual Assault, it was the action The State used to revoke my probation, which led to me being convicted of agg. Sexual Assault.

5) Although both Counties are claiming it occurred on two different dates, it would be impossible to leave twice, so I will clear it up as to when. It is obvious, it could not have occurred on Apr. 4, 2016, nor could I have been given an opportunity to report to Fort Bend County Sex Offender Registration Dept., (I was incarcerated on March 30, 2016 and

(2)

been incarcerated since, this date.

6) The date I left was March 22, 2016, which as I stated, after other inmates learned of my charge by a staff member; began making threats to do bodily harm, (two guy's threatening to spray me with aerosol and set me on fire).

7) Around a day or two prior to me leaving the facility, the doctor had changed my medication for psychological disorder's from: a) Trazidone, 100 mg of non-narcotic, to: b) Seriquel, 150 mg of a potent narcotic.

8) The sudden change in medication, to something I never took before, had my state-of-mind on a up-and-down roller coaster, for several days.

9) Both Counties are relied on the same act and police report as evidence, (Although The Trial Court has denied me the right to a evidentiary hearing and I have "Never" seen any evidence Fort Bend County has; it was stated on July 23, 2018, that The State is relied on the police report).

10) My psychological disorder's consist of: a) paranoia schizophrenia, b) bi-polar, c) Severe depression, d) anxiety, e) PTSD, f) anti-social disorder, and severe panic attacks. With me being restricted from my actual prescribed medication, and placed on a highly potent narcotic, that altered the way I think, for several days, all action's that occurred between March 22,-30 2016, should be considered as the same act, due to my thought process at the time.

For this Ground Both Counties Charges should be acquitted.

Ground Two: Sixth Amendment Violation Ineffective Assistance of Counsel

1) Attorney Ralph Gonzales has refused to assist in raising any defenses I have mentioned to him, in the very limited times he has communicated with me (in every pre-trial hearing, he has assisted The Court, and State in denial of "All" request I have made to the Court such as: a) Evidentiary hearing (I have never seen any evidence, literally not one iota), b) to have my case transferred to the mental health Court, c) to be appointed a Counsel that is specialized in mental health defendants, and familiar with the mental health Court, d) a ruling on all motions filed by me, e) dismissal for delay

2) Instead Mr. Gonzales has gone out-of-his way to assist The State in attempting to find me guilty, by allowing The State to enter phone conversation's in as evidence on June 25, 2019, the day trial was set to start. When I requested for him to object, for not entering this evidence 30 days prior to trial; instead Mr. Gonzales requested for a reset of trial to allow the evidence to be entered in the time frame allowed.

3) On March 25, 2019, Mr. Gonzales was appointed to me, and he stated the only evidence The State has is a police statement, stating they spoke to my landlady next door and she said she has not seen me; and from that one visit Fort Bend County took it upon themself to asume it meant I moved, but have not verified this with my landlady.

4) Mr. Gonzales stated, he will get a private investigator appointed, to speak with my landlady, but since that day, he has refused to request such an investigator, stating to my sister "I am not going to waste time or money on an investigator, he can plead guilty and take a plea bargain, or be found guilty in trial, I really don't give a damn which way he goes."

5) Mr. Gonzales stated similarly to my mom, that has mental disabilities,

(4)

stating, "If you want witness's to testify in your son's behalf, then you need to go find them, and have them come to his trial, other wise he can go to trial with the police report against him and be found guilty, I don't give a s**t which way he goes." and hung up on her.

6) On July 30, in open court, as I was stating my grounds to have Mr. Gonzales removed, Mr. Gonzales and The trial Judge both showed bias tward's my offense, by stating on the record, "The Court should not transfer the case to be heard on the mental health docket, nor provide me a attorney that specializes in mental health cases, because of my charge, these type of offenses should not have that right, and if he wants me off the case, then he should represent himself, and The Court keep Mr. Gonzales as standby in Trial." The Trial Judge agreed with everything Mr. Gonzales told him to do.

7) On this same day, The Court said it will appoint a private investigator to the case, but repeatedly stated, the investigator is only to communicate with The State Attorney, and Mr. Gonzales; The Judge repeated about four times, I will not be entitled to an opportunity to speak with him, (I believe The Judge repeated to state this, because he knew it would defeat the purpose, to have the investigator speak to a Attorney, that wants to see me found guilty.)

For this Ground Ralph Gonzales should be dismissed, and sanctioned

(5)

Ground Three: Fifth Amendment Violation - Due Process Clause

1) The Trial Court continues to assist The State in restricting my Due Process rights by allowing this long delays in Trial from a offense that is said to have occurred around Apr. 4, 2016, which I was indicted in Apr. 2017, and we are now in 2019 (two and a half years since being indicted, and 3½ years since I spoke to any witness's other than my mom, because I have been incarcerated, and had no idea about this charge).

2) My mom is elderly, and has had mental disorder's all her life, and one of her disorder's is long term memory, (she remembers parts of the case but when it comes to what year something happened, or who was there, she get confused).

3) The last time I spoke to my landlady, was around Aug. 29, 2016, after my revocation hearing in Houston; since Hurricane Harvey she had to move out of her house, and she changed her number.

4) The Court allowed The State on June 25, 2019 to enter phone conversations between me, and my mom, stating that I was telling my mom what to say in Court, (my mom just remembers going to my house to get my car, a few days after I left the facility, she does not remember what year it was 2009 or 2014, or 2016, she sometimes does not remember the year I was born), all I did was try to remind her.

5) Had the State not negligently delayed the charges, to a time that can be harmful to my defense, and stressful on anyones memory, we would not have this problem; because my key witness (land lady), possiblly would still be in contact with me, had she known a charge was pending, that would need her assistance.

6) On July 23, 2018, and again on July 30, 2019, the Trial Court negligently

(6)

and intentionally violated my due process right, to know all evidence the State has and review the material, rather if it is against me or in my favor; The trial Judge denied me access to view any material of a offense, other than a indictment, and if my Attorney Gonzales has recieved anything, he "Again" has assisted The State by keeping me from viewing any of it, (as of Right now: The Court, State, and Mr. Gonzales, expect for me to take there word for it, when they claim to have evidence).

7) On June 11, 2018 The Trial Judge at that time "Brady Elliott" refused to rule on all my motion's, but did state on the Record, he will rule on them in the next hearing; however that date continued to be pushed back, and never came; Now on July 30, 2019 The Judge now residing, stated on the record "We are set for Trial on Nov. 5, 2019, so No, we will not be hearing any motions nor making any Rulings on your motions."

8) The Judge has shown bias toward's my offense, and his and Mr. Gonzales's assistance and favortism toward's the prosecution is causing an extreme prejudice, toward's any defense I attempt to raise, and if this alliance is allowed to continue, it will cause unrepairable damages.

This is a ground for dismissal of the indictment and acquittal

(7)

Ground Four: Violation of The Fourteenth Amendment; Equal Protection

1) As a defendant with mental disabilities, I am entitled to certain protections under The American's Disabilities Act, "Regardless of the offense I am charged with," and Mr. Gonzales, and The trial Judge, has denied me these protections consistently, most resently on July 30, 2019, when I made another request to have my case transfered, to the mental health Court docket; and Mr. Gonzales stated on the record "Judge he should not have this option, because of the offense he is charged with," and The Judge abided by Mr. Gonzales's request by the denial of my request, and similar response "because of these reason's your case will remain here." (Mr. Gonzales is supose to be my Counsel not The Prosecutor.)

2) This is not only a violation of equal protection, as a defendant with mental disabilities, but this is also a form of discrimination by my Counsel and The Court System; that is putting a unfairness and unneeded strain on my defense.

3) Although I mentioned not being provided the opportunity to review any evidence, it would be proper to mention it here aswell, because all defendants enjoy the right, to know what evidence the State has to hold me in there possession for 1½ years, I have been denied this equal protection. (It would be a dangerous system the day legislation allow's such mistreatment)

4) I also have a equal protected right to Counsel that would effectively assist me, to ensure there is a fundamental fairness throughout "All" proceedings, and I have not enjoyed that right at all.
Mr. Gonzales only visit me twice, to try to convince me to take a plea deal, and when I would refuse, he would cuss me out and state, "Your going to be found guilty, either now, or at trial, but I guarantee you will be found guilty."
Everytime my family contacted Mr. Gonzales, the answer was the same.

(8)

5) On July 30, 2019, all in one conversation, he claimed he has not spoken to any witness's, because I refuse to provide him any; then moments later he stated "I have not requested for a private investigator, because I personally spoke to witness's that back's the prosecutions evidence.

6) First off, this is the first time Mr. Gonzales ever mentions this of any witness's backing the prosecution's evidence; Second, this does not say much to me, considering, I do not know what, if any -evidence the prosecutor has; Third, in Court on The record, my attorney is defending the State, and it's prosecution rather than assist me, (This can not be any type of stategy behind this), and Last, this is my own Counsel either lying against me in Court, or him admitting to holding evidence from me; it could not be anything else.

7) So to sum-it-up, Mr. Gonzales does not communicate with me, b) he has admitted to having a bias towards sexual Offenses, c) he refuses to build a defense, and instead is interested in assisting in Prosecuting me.

This is grounds to have a restraining order, keeping Judge Williams and Mr. Gonzales from Proceeding in this matter.      (9)

Ground Five: Violation of The Eighth Amendment and The Fourteenth Amendment.

1) On July 30, 2019 Mr. Gonzales stated in open court "Mr. Estrada should not have the choice, to have his case moved to The Mental health Court, because of his offense (Failure to register as a Sex Offender), those type of cases should not have that right," (to top it off The Judge agreed).

2) Mr. Gonzales is supose to represent me, not the prosecution; this a violation of The Texas and United States Constitution on so many levels.

   a) Ineffective Assistance of Counsel; how can I ever be prepared for trial, when the Court insist I use a attorney, that conspires with the District Attorney and Judge Oneal Williams to attack any grounds, or defenses I present to the Court, (Gonzales spoke up before the Judge, to provide a reason).

   b) deliberate indifference: The Judge showed no concern of my psychological disorders, nor my right's as a defendant with mental illness's, I presented to the Court; Judge Oneal Williams went on to disregard my concern's and request to have Mr. Gonzales removed from representing me, because the bias, and prejudice attitude he has shown me and my family, for my offense

   c) Nowhere have I found anything under Legislation, a rule stating defendant's with a Failure to register as a sex offender, are prohibited from having access to any of the Mental Health Court Proceedings, that the United States, and Texas has provided and implemented to all other defendants.

   d) discrimination: The Fundimental Fairness that all defendant, are entitled to, through all proceedings; has been removed from my case completely, when Mr. Gonzales, and Judge Oneal Williams both sided with each other to discriminate against me ~~foor~~ for having a Sexual Offense

A Restraining Order should be placed against Both of them

(10)

Ground Six: Insufficient Evidence To Suport Indictment

1) Although I have not Been presented with any evidence, to show a law has been violated; The State has made mention of a police report, stating a Officer spoke to my landlady, and she stated to the Officer when ask where I might be, "she is not sure because she has not seen me that day."

2) The State has also stated there is no witness to suport this police report, because they have not notified my landlady of these accusations, so she can have the opportunity to testify before a jury. (making the police report mute)

3) A landlord stating they have not seen a tenant, does not justify a assumption that a person no longer resides at that location, (unless she clearly states the person has been evicted, or has moved), The State not once stated the report states, anything to the nature of I no longer residing there.

4) Under Due Diligence, the law enforcement that has the authority to the Sex Offender registration in my location, must make multiple attempts to reach me at my residence, at different hours of the day, before determining I failed to comply; from my knowledge of the police report (without being afforded the opportunity to review the report) The Officer went by my house only one time, and before making it to my resident, the Officer seen my landlady outside her house (which was the house before mine, the back of my R.V. trailer faced her house, making it impossible for her to even see the front) and after speaking with her, he left; not even going to my house to knock on my door. (violation of Due Diligence)

This is grounds for a dismissal, or Acquittal

(11)

**Ground 7:** Offense Revolves around A unauthorized Punishment by Harris County

1) I have resently filed a habeas Corpus on my Harris County Conviction, which was filed in District Court 179th on July 26, 2019; Challenging there jurisdiction.
2) The victims testimony stated the Sexual Assault occurred at my house at 22106 Sandpoint dr. Katy, Tx. 77469, between Nov.-Dec. of 2012.
3) However, I notified The Court, before taking probation, that in May 2012, I had moved from ~~Brazor~~ Harris County to Brazoria County, a long with my family, (The victim still lived with me when we moved).
4) Although I showed The Judge at the time (Kristen Guiney), a light Bill backing my statement, The Judge stated "as long as there is probable cause, a crime was committed in The State of Texas, I obtain jurisdiction over a Case, the second it enters my Court room."
5) At the time, I knew not alot about the law's, and my attorney was agreeing with the Judge; which led me to signing probation for agg. Sex. assault.
6) I have recently found in The Law Library, that Harris County had no jurisdiction over a felony Offense that occurred in Brazoria County. (5-10 miles from the County line) at 17149 Berry rd. #4, Pearland, Tx. 77584.
7) On Jan. 19, 2016 Harris County Court 179 sent me to SATF-Peden, as part of my probation, to do a 90 day drug program; after attempting to send me to "YMAC" facility, but notified the Court, there rules prohibit's the entry of anyone who has a sexual Offense, has been diagnosed with any severe psychological disorder's, or takes medication that alter's the way one thinks.
8) The facility went on to notify the Court, the State, and Federal law's, that States similar rules, prohibiting Sex Offender's, or anyone who has mental illness's, from participating in such facilities.

9) The District Court of Harris County 179, negligently disregarded this warning, and with deliberate indifference towards my safety, and sent me to the other program.

10) On March 22, 2016, after a staff member revealed my charge of Sexual Assault, to other inmates, I immediately began getting threats of bodily harm. The facility had recently changed my medication for psychological disorders, and between the threats, and the medication, I was getting strong anxiety and panic attacks.
I felt my only means of safety was to leave, and so I walked home.

11) The only reason Fort Bend County had went to my house, looking for me is because Harris County, notified them I left the facility. (on July 23, 2018, the district Attorney in Fort Bend County stated this in Court)

12) If I was legally prohibited from being prosecuted in Harris County, that would make the current case a void Offense.
If I was legally prohibited from participating in The rehab facility, again that would make the current case void; because any punishment not authorized by Legislation is considered void, aswell as any punishment that may be caused by the void sentence.

This is Grounds to have The Harris County and Fort Bend County charges to be acquitted

## Ground Eight: Recuse and Disqualify The Presiding Judge

1) On March 25, 2019, Judge Oneal Williams made a comment toward my charge that showed bias, stating "These type of charges are usually done with pretty simple and fast, I do not know why this one is taking so long, but I will get Ralph Gonzales on the case; he will get this case over with, (Since that date Ralph Gonzales has worked against me).

2) On June 25, 2019, The day trial was set to begin, Judge Oneal Williams allowed The State to enter phone calls I made from jail, as evidence; I asked my attorney to make arguement to supress, for entering evidence at the last minute; instead Mr. Gonzales asked for a reset, and Judge Williams complied by reseting Trial for one month, so I can not make arguement, (Judge Williams did not allow me to approach or speak).

3) On July 30, 2019, I made several complaints, and request towards the Court, but Mr. Gonzales interrupted everytime, and Judge Williams allowed him to answer for The Court, these request was: a) remove Mr. Gonzales from representing me because (1) Lack of communication, (2) negitive statements towards my family, and I, (3) bias towards my charge; but Judge Williams denied this request, because I didnot have money to hire my own, (Mr. Gonzales recommended that I represent myself, and he stay on standby, and Judge Williams, stated this will be my only options).

b) I asked to have all my motions to have a ruling in open court, (most which have been entered since June 2018), but his answer was "NO, we already are set for trial on Nov. 5, 2019, so it is to late to have any rulings on your motions (but there is time for The State to enter evidence). Since June 11-July 23, 2018, The Presiding Judge at the time Brady Elliott repeatedly stated, my motions will be ruled on in the next hearing (Trial was set for Oct. 1, March 25, June 25, July 30, 2019) my motions

(#4)

never got a ruling, just further delayed, and now are a risk of complete disregarded.

C) I have been diagnosed with several psychological disorder's, since the age of eight, and I have repeatedly requested to have my case moved to the mental health Court, and as I asked the Court for an expanation for not allowing me access to the mental health Court; Mr. Gonzales responded, "Do to his type of charge, the case should not be transfered, those charges should not have the opportunity to be moved to the Mental Health Court, and Judge Williams agreed, and denied this request.

D) This is discrimination towards my charge, and my right's as a defendant will disabilities, several inmates with a similar charges, are in the mental health.

e) I have seen absolutely no evidence, The State has to acuse me of a offense, and The Court has refused to allow me of a copy, making impossible to know what I am defending myself against to prepare for trial.

f) The Judge is obviously not playing the role of a mediator; infact I am up against The State, The Court and my own attorney.

g) I request a investigator, and again Mr. Gonzales spoke up stating, "I find no need for one; I spoke to a witness that backs the prosecution" (He either is-with holding evidence, or lied on the record because this the first of me hearing of this). A few moments later, to a response as to telling my elderly mom, "I am not wasting time or funds on a investigator, if you want you can go find witnesses, and get them to come to trial, other wise, he can be found guilty," He stated, that he has not spoken to any witness's because I refuse to provide names of witness's.

h) One moment he spoke to witness's, the next moment, he spoke to known?

The Judge should be barred from continuing on my case, and should be transfered to The Mental Health docket    (15)

## Prayer for Relief

Wherefore Premises Considered, I PATRICIO ESTRADA, plaintiff in the matter, prays This Honorable Court to Consider each and every point of error raised herein order the following, as the law and Justice Demands:

Ground 1) Double Jeopardy - acquittal

Ground 2) Ineffective Assistance of Counsel - Remove Ralph Gonzales, and provide one not directly established by The Fort Bend County Judicial System, (if the case was to continue) possibly one from This Honorable Court's Appointed Counsel system

Ground 3) Due Process - Dismiss Indictment and Acquittal

Ground 4) Equal Protection - If the case is not acquitted, order the case be transfered to The Mental Health Court

Ground 5) Eighth and Fourteenth Amendment - Bar Ralph Gonzales, and Judge Oneal Williams from being envolved in anymore proceeding in This Case, if it was to continue

Ground 6) Insufficient Evidence - Dismiss Indictment, and order Acquittal

Ground 7) Offense Revolves around unauthorized Punishment - Acquital of Fort Bend County, and Harris County Charge.

Ground 8) Disqualify Judge Oneal Williams - Move my case to Mental Health Court, and out of The Control of the current Judge

Summary: I have provided several Grounds for Acquittal of All charges, but I pray the Honorable Court issues the opinion, that best proscribes the Law, and orders such relief to take effect immediately.

I declare under penalty of perjury the above true and correct.

Patricio Estrada #P00095638   Sept. 3, 2019
1410 Williams Way Blvd. Richmond, Tx. 77469

Patricio Estrada #P00075638
1410 Williams Way Blvd.
Richmond Tx., 77469

United States Courts
Southern District of Texas
F I L E D
SEP 12 2019
David J. Bradley, Clerk of Court

U.S Southern Dist. Court of Texas
515 Rusk Ave.
Houston Tx., 77002

