United States District Court
Southern District of Texas
**ENTERED**
October 23, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICIO ESTRADA, <br> TDCJ #02089041, <br><br> Petitioner, <br><br> VS. <br><br> TROY NEHLS, Sheriff, <br> Fort Bend County, Texas, <br><br> Respondent. | § § § § § § § § § § § § § | CIVIL ACTION NO. 4:19-3528 |

## **MEMORANDUM AND ORDER**

Patricio Estrada (TDCJ #02089041, Fort Bend Inmate #P00095638) has filed a federal habeas corpus petition seeking his immediate release from the Fort Bend County Jail, where he was in custody as a pretrial detainee [Doc. # 1]. Estrada has filed a memorandum of law in support of his petition [Doc. # 2]. He has also filed motions for leave to proceed *in forma pauperis* [Doc. # 3], for appointment of counsel [Doc. # 4], and for leave to supplement the record [Doc. # 6]. After reviewing all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases, the Court concludes that this case must be **DISMISSED** for the reasons that follow.

## I. BACKGROUND

Estrada is presently confined in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ") as the result of a conviction entered against him on August 29, 2016, in Harris County Cause No. 1404467.[1] Estrada, who originally received a sentence of deferred adjudication probation in 2014, was convicted of aggravated sexual assault of a child under the age of 14 in that case and sentenced to 12 years' imprisonment by the 179th District Court of Harris County after his probation was revoked. That conviction was affirmed on direct appeal. *See Estrada v. State*, No. 14-17-00410-CR, 2018 WL 5914504 (Tex. App. — Houston [14th Dist.] Nov. 13, 2018, pet. ref'd).

In 2017, a grand jury in Fort Bend County returned an indictment against Estrada in Cause No. 17-DCR-77572, charging him with failure to register as a sex offender while Estrada was out of custody during 2016. That case is set for trial in the 268th District Court of Fort Bend County on November 5, 2019.

After the charges were filed against him in Fort Bend County Cause No. 17-DCR-77572, Estrada filed an application for a writ of habeas corpus with the trial court under Article 11.08 of the Texas Code of Criminal Procedure, alleging five grounds for relief:

---

[1] *See* Texas Department of Criminal Justice – Offender Information, available at: https://offender.tdcj.texas.gov (last visited Oct. 21, 2019).

1. the charges violate the Double Jeopardy Clause;

2. he was denied his Sixth Amendment right to effective assistance of counsel by his appointed defense attorney, Mark Racer;

3. the delay in prosecuting the case violates the Due Process Clause;

4. the charges are the product of vindictive prosecution; and

5. his extended incarceration since 2016 violates the Speedy Trial Clause found in the Sixth Amendment.[2]

On August 19, 2018, the trial court entered findings of fact and concluded that Estrada was not entitled to relief. That conclusion was discussed at length and affirmed by an intermediate court of appeals on March 28, 2019. *See Ex parte Estrada*, 573 S.W.3d 884 (Tex. App. — Houston [1st Dist.] 2019, no pet.). Estrada did not appeal further by filing a petition for discretionary review with the Texas Court of Criminal Appeals.

On September 12, 2019, Estrada filed the pending federal habeas corpus petition to challenge his continued confinement as a pretrial detainee at the Fort Bend County Jail pursuant to the indictment against him in Cause No. 17-DCR-77572. Estrada raises the following eight grounds for relief:

1. the charges violate the Double Jeopardy Clause;

2. he has been denied his Sixth Amendment right to effective assistance of

---

[2] Estrada's habeas application and related records are available electronically website for the Fort Bend County Clerk's Office, located at: http://tylerpaw.co.fort-bend.tx.us (last visited Oct. 21, 2019).

    counsel by his appointed defense attorney, Ralph Gonzales;

3. the delay in prosecuting the case has violated the Due Process Clause;

4. the prosecution violates the Fourteenth Amendment Due Process and Equal Protection Clauses as well as the Americans with Disabilities Act because he suffers from mental disabilities;

5. the prosecution violates the Eighth Amendment, which prohibits cruel and unusual punishment;

6. he should be acquitted because there is insufficient evidence to support his indictment;

7. his prosecution revolves around "unauthorized punishment" by Harris County; and

8. the presiding trial judge should be recused and disqualified for "bias."

[Doc. # 1, at 2-15; Doc. # 2, at 5-18]. The threshold issue is whether Estrada may obtain federal habeas review of his proposed claims under the statute that governs petitions from pretrial detainees.

## II.  DISCUSSION

    Although Estrada invokes the federal habeas corpus statute found at 28 U.S.C. § 2254, which affords review of a state court judgment of conviction, his petition for relief from pretrial confinement is governed by 28 U.S.C. § 2241, which authorizes review where a prisoner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A state pretrial detainee may seek a federal writ of habeas corpus under § 2241 only if

the following two prerequisites are met: (1) the petitioner must be in custody for purposes of § 2241(c); and (2) the petitioner must have exhausted available state remedies. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973). Although Estrada meets the first prerequisite for review,[3] he does not meet the second prerequisite because it is apparent from the pleadings that he has not exhausted available state court remedies before seeking relief in federal court.

To exhaust remedies in Texas, a petitioner must present his claims to the Texas Court of Criminal Appeals by filing an appeal followed by a petition for discretionary review or by filing an application for a writ of habeas corpus. *See Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990) (exhaustion may be accomplished directly in a petition for discretionary review or collaterally in a habeas corpus petition). In the pre-conviction context, a Texas prisoner confined after a felony indictment may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is indicted. *See* Tex. Code Crim. Proc. Art. 11.08. If the trial court

---

[3] When Estrada filed his pending federal habeas petition, he was in custody at the Fort Bend County Jail [Doc. # 1]. Sometime thereafter he was transferred to TDCJ [Doc. # 9]. Because it appears likely that Estrada will return to face the criminal charges that remain pending against him in Fort Bend County, the Court concludes that he is still in custody of Fort Bend County officials for purposes of a habeas proceeding under 28 U.S.C. § 2241.

denies habeas relief under Article 11.08, the applicant's remedy is to take a direct appeal to an intermediate appellate court followed by a petition for discretionary review of any unfavorable result by the Texas Court of Criminal Appeals. *See, e.g., Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n. 5 (Tex. Crim. App. 1981) (citations omitted)).

As outlined above, Estrada filed a pre-conviction habeas corpus application under Article 11.08, but appears to have raised only two of his proposed federal claims for review during that proceeding: (1) his Double Jeopardy claim; and (2) his claim that delays in prosecuting his case violate the Due Process Clause. Although both the state habeas corpus application and the federal petition present a claim for ineffective assistance of counsel, Estrada's state application took issue with the performance of an appointed defense attorney named Mark Racer, while his federal petition alleges deficient performance by a different appointed attorney named Ralph Gonzales. It does not appear that Estrada raised any of his other federal claims in state court before seeking federal habeas relief.

To the extent that any of the grounds for relief lodged in Estrada's pending federal petition are presented for the first time on federal habeas review, or that any of his proposed federal claims assert factual and legal theories that are different from the grounds presented in his state habeas application, Estrada has not satisfied the exhaustion requirement with respect to those claims. *See Moore v. Quarterman*, 454

F.3d 484, 491 (5th Cir. 2006) (explaining that the exhaustion requirement is not met where the petitioner presents new legal theories or factual claims in his federal habeas petition).

More importantly, although Estrada's Double Jeopardy and Due Process claims were presented to the trial court and the intermediate court of appeals for adjudication of his state application under Article 11.08, there is no record showing that Estrada filed a petition for discretionary review of those claims with the Texas Court of Criminal Appeals. Because Estrada has not properly presented any of his proposed claims for adjudication on the merits by the Texas Court of Criminal Appeals, he has failed to exhaust available state court remedies. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). Therefore, the pending federal habeas petition must be dismissed for lack of exhaustion. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (A habeas petition "must be dismissed if state remedies have not been exhausted as to any of the federal claims.").

### III.  CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Cases, which also applies to petitions governed by 28 U.S.C. § 2241, requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253(c). Where denial of relief is based on procedural

grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

## IV. CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** as follows:

1. The habeas corpus petition filed by Patricio Estrada is **DISMISSED without prejudice** as unexhausted.

2. A certificate of appealability is **DENIED**.

3. Estrada's motion for leave to proceed *in forma pauperis* [Doc. # 3] is **GRANTED**.

4. Estrada's motion for appointment of counsel [Doc. # 4] is **DENIED**.

5. Estrada's request to supplement the record [Doc. # 6] is **DENIED**.

The Clerk's Office will provide a copy of this order to the petitioner.

SIGNED at Houston, Texas on __October 23_____, 2019.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE